| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

ANDEVRON PARCHMAN, §
TDCJ 1482947, §
§
    Plaintiff, §
§
v. § CIVIL ACTION H-12-1598
§
LETICIA MCQUEEN, *ET AL.*, §
§
    Defendants. §

# Opinion on Dismissal

    Andevron Parchman sues prison employees Leticia McQueen, Assistant Warden Cornelius Smith, Captain Robert Jennings, Lindsey Leveston, and Cheryl Lawson for civil rights violations. Parchman challenges a disciplinary hearing and requests that the personal items which were lost or confiscated be returned to him. Parchman moves to proceed as a pauper.

1. *Parchman's Claims*

    On November 10, 2011, a prison guard charged Parchman and his cell mate with possession of a cell phone, smokeless tobacco, and a weapon. Parchman's cell mate pleaded guilty. McQueen confiscated or lost Parchman's commissary bag, clothes, and photographs. Assistant Warden Smith placed Parchman in administrative segregation. Captain Jennings was aware that Parchman's cell mate admitted guilt on the possession charges. Counsel substitute Leveston made no effort to defend Parchman against the disciplinary charges even after she learned his cell mate admitted guilt. Lawson denied Parchman's grievance. Parchman seeks an order deleting the disciplinary conviction from his record and the return of his commissary bag, clothes, and photographs.

2. *Analysis*

    The disciplinary hearing officer punished Parchman with cell and commissary restrictions, the loss of his job in food services, a reduction in his custody classification, and the forfeiture of good time credits. A prisoner's due process rights apply only to interests whose loss would involve

1

a "significant, atypical" deprivation resulting in "hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Parchman's temporary loss of cell and commissary privileges is not a significant deprivation causing hardship and they are common in prison life. *Id.* The loss of his job is also not uncommon nor a hardship. *Id.*

Parchman has no due process liberty interest in his custody or classification status. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). The loss of the opportunity to earn good time credits from a change in custody is not a due process violation. *Id.* On the other hand, the loss of earned good time credit which affects a prisoner's release date, implicates due process. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

The hearing officer's punishments included taking good time credits, but Parchman does not raise a due process violation because he is not eligible for mandatory supervision release. Parchman is serving sentences for two convictions for sexual assault of a child and two convictions for aggravated sexual assault of a child. *See* <http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=07693931> (visited August 15, 2012). Texas law provides that an inmate may not be released to mandatory supervision if he is serving a sentence for sexual assault of a child or for aggravated sexual assault of a child. TEX. GOVT. CODE § 508.149(a)(6), (8) (Vernon Supp. 2008). Under his convictions, Parchman is ineligible for mandatory supervision release. (1, p. 5, ¶ 16)

Under Texas law, only mandatory supervision release is a liberty interest which implicates due process; an inmate eligible only for parole does not have a liberty interest in good time credits. *Malchi*, 211 F.3d at 957-58. Because Parchman is not eligible for mandatory supervision, any loss of accrued good time affects only his parole eligibility, which is discretionary. Therefore, any loss of earned good time credit does not affect the duration of his custody and does not implicate due process. *Id.*

Random property deprivations do not violate due process where the plaintiff has an adequate post-deprivation remedy under state law. *Hudson v. Palmer*, 468 U.S. 517, 535 (1984). Texas provides a reasonable post-deprivation remedy for the loss of personal property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987). Parchman does not raise a constitutional violation entitling him to an order to return his personal property.

3. *Conclusion*

Parchman fails to state a claim recognized at law. This case is dismissed. 28 U.S.C. §

1915(e)(2)(B)(ii). The clerk will send a copy to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702, Three-Strikes List.

Signed _____Aug 26_____, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge